■ In the Matter of GUSTAVE F. WIEGMANN, Respondent, v. VINCENT L. BRODERICK, as Commissioner of the Police Department of the City of New York, Appellant.—Judgment of the Supreme Court, Kings County, dated May 25, 1966, affirmed insofar as appealed from, without costs. No opinion. Ughetta, Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the judgment, to dismiss the proceeding and to confirm the determination of the Police Commissioner, with the following memorandum: Petitioner pleaded guilty to the Police Departmental charges of (1) failing to properly handle and safeguard his service revolver in that he discharged one shot therefrom causing the death of a civilian and (2) failing and neglecting to be equipped with a regulation holster. Although the actual firing of the revolver, as found by the Police Commissioner, was accidental, nevertheless such firing was the direct result and consequence of petitioner's flagrant and willful disregard of the Police Department's safety rules. Moreover, the fact that the fatal bullet struck the victim, an innocent bystander, *over the eye,* as contrasted with a wound or injury inflicted upon the lower part of the victim's body, which would perhaps have been more usual if the revolver had been fired as it was being removed from the holster, lends support to the view that petitioner was guilty of such negligence and gross carelessness in the handling of a dangerous weapon as to warrant the degree of punishment herein imposed by the Police Commissioner. In my opinion, the dismissal of petitioner was within the scope of justifiable discipline. A police officer occupies a position of greatest sensitivity and he must be subject to rigorous discipline in order that the safety of the community be properly maintained. In the interests of protecting the public, disciplinary measures which might appear unduly harsh in the case of other civil servants may properly be upheld in cases involving police officers. Thus, the views have been expressed that the "government of a police force assimilates to that required in the control of a military body" *(People ex rel. Masterson* v. *French,* 110 N. Y. 494, 499) and that the "Commissioner is responsible for the discipline of his force" *(People ex rel. Guiney* v. *Valentine,* 274 N. Y. 331, 333). In this case, the measure of punishment imposed upon petitioner, in the interests of maintaining proper discipline within the force and in protecting the safety and welfare of the community in general, was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Stolz* v. *Board of Regents,* 4 A. D. 2d 361, 364). The court should be most reluctant to interfere with the considered determination of the Police Commissioner that the dismissal of petitioner was the proper measure of punishment merited by his conduct.

■ LUBA KUKAWKA, Respondent, v. ISRAEL KUKAWKA, Also Known as SOL KAFKA, Appellant.— Order of the Supreme Court, Queens County, dated October 18, 1966, modified by (1) striking out of its second decretal paragraph that the weekly support payments directed to be made therein shall commence as of September 27, 1965 (the return date of the motion) and (2) substituting therefor a provision that the payments shall be made commencing as of October 18, 1966. As so modified, order affirmed, without costs. On the record before us, it is our opinion that, in view of the conflicting affidavits submitted, the question of plaintiff's expenses and outlays for the period between the return date of her motion and the date of the order now before us should be left to the trial court to determine in its judgment after trial. Beldock, P. J., Ughetta, Christ, Rabin and Munder, JJ., concur.